Defendants have moved to dismiss plaintiff's appeal pursuant to Rule 701 of the Workers' Compensation Rules for failure to file a Form 44 or brief. Pursuant to Rule 801, in the interest of justice and noting plaintiff's unrepresented status, the undersigned have chosen to waive the strict technical rules and to consider plaintiff's case on the merits on appeal. Accordingly, defendants' motion to dismiss is HEREBY DENIED.
* * * * * * * * * *
The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown no good grounds to reconsider the evidence. Upon their own reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner. Neither party here requested the Full Commission to receive further evidence or to rehear the parties or their representatives. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties as:
STIPULATIONS
1. As aforementioned, all stipulations contained in the Pre-Trial Agreement are incorporated herein by reference.
2. Subsequent to the initial hearing, the parties submitted a set of stipulated medical records marked as stipulated exhibit 1.
* * * * * * * * * * *
The Full Commission adopt as their own all findings of fact found by the Deputy Commissioner, as follows:
Based upon the competent and convincing evidence adduced at the hearing, the undersigned make the following additional
FINDINGS OF FACT
1. On October 18, 1993, a CT scan of plaintiff's face revealed no abnormal findings.
2. On December 16, 1993, a CT scan of plaintiff's head revealed no abnormal findings.
3. On January 17, 1996, Dr. McWhorter recommended that a CT scan of plaintiff's brain be conducted. Dr. McWhorter suspects that the headaches plaintiff is suffering from are related to plaintiff's hypertension.
4. There is insufficient expert medical evidence to make a finding that plaintiff's hypertension was caused by and or aggravated by the October 8, 1993 compensable injury by accident.
* * * * * * * * * * *
Based upon the findings of fact as found by the Deputy Commissioner and adopted by the Full Commission, the Full Commission find as follows:
CONCLUSION OF LAW
1. Defendants are not liable for the payment of the CT scan recommended by Dr. McWhorter. N.C. Gen. Stat. § 97-25.
* * * * * * * * * * *
Based upon these conclusions of law, the Full Commission have determined there exists no basis for amending the Award. Accordingly, the foregoing stipulations, findings of fact, and conclusions of law engender the following:
ORDER
1. Plaintiff's claim is HEREBY DENIED.
2. Each side shall bear its own costs.
IT IS FURTHER ORDERED that this case shall be REMOVED from the Full Commission docket.
This the __________ day of ___________________, 1997.
 S/ _____________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _______________________ DIANNE C. SELLERS COMMISSIONER
S/ _______________________ THOMAS J. BOLCH COMMISSIONER
JHB/nwm 02/07/97